UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-23004-CIV-MARTINEZ/SANCHEZ

UNITED BANK,

    Plaintiff,

v.

KEVIN KAUFMAN and ALANA KAUFMAN,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON JOINT STIPULATION OF SETTLEMENT AND ON DEFENDANTS' NOTICE OF FILING CLAIM OF EXEMPTION AND REQUEST FOR HEARING**

This matter is before the Court on the Parties' Joint Stipulation of Settlement of All Issues Regarding the Garnished Funds Held by Sunstate Bank, ECF No. 41 (the "Stipulation") and on Defendants' Notice of Filing Claim of Exemption and Request for Hearing, ECF No. 36.[1] In the Stipulation, the Parties' notify the Court that they have resolved all issues regarding the garnishment of Defendants' two accounts at Sunstate Bank ("Sunstate"), and they request that the Court dissolve the Writ of Garnishment and order Garnishee Sunstate Bank to pay Centennial Bank[2] the entire amount of the garnished funds. ECF No. 41 at 1. Sunstate does not object to the terms of the Stipulation. ECF No. 43. After careful consideration of the Stipulation, the pertinent parts of the record, and the applicable law, and having been otherwise duly advised in the premises, the undersigned **RESPECTFULLY RECOMMENDS** that the Stipulation be **ACCEPTED** and that the relief jointly requested be **GRANTED**, as follows:

    (1) that the Writ of Garnishment as to both accounts, ECF No. 31, be **DISSOLVED**;

---

[1] The Honorable Jose E. Martinez, District Judge, referred to the undersigned "[a]ll matters relating to Defendants' Notice of Claim of Exemption and Request for Hearing," which includes the Stipulation. ECF No. 40.

[2] Centennial Bank is the successor in interest to United Bank. *See* ECF No. 41 at 1.

(2) that Garnishee Sunstate Bank be **ORDERED** to pay to Centennial Bank the entire amount of the garnished funds, that is, $11,565.67, *see* ECF No. 32; and

(3) that Defendants' Notice of Filing Claim of Exemption and Request for Hearing, ECF No. 36, be **DENIED AS MOOT**.

Within six (6) days of the date of this Report and Recommendation, that is, **by June 21, 2024**, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge.[3]  Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 146-47 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 15th day of June, 2024.

EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc:   Hon. Jose E. Martinez
      Counsel of Record

---

[3] The undersigned has shortened the objection period because the relief addressed in this Report and Recommendation has been jointly requested by the parties following their agreed resolution of the matters addressed herein.